UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CATHY WILSON,

                *Plaintiff,*

– against –

SCOTT BLACKLEY, *CFO, Capital One*;
LAWRENCE M. KIRSCH, *Trustee, Credit One Financial Inc.*,

                *Defendants.*

**MEMORANDUM & ORDER**
23-CV-07968 (NCM) (LB)

**NATASHA C. MERLE**, United States District Judge:

    *Pro se* plaintiff Cathy Wilson filed this action against Scott Blackley, CFO of Capital One, and Lawrence M. Kirsch, Trustee of Credit One Financial Inc., on October 24, 2023. Compl., ECF No. 1. The Court grants plaintiff's application to proceed *in forma pauperis* ("IFP"). Appl. to Proceed IFP, ECF No. 2. For the reasons stated below, the Court dismisses the complaint without prejudice and grants plaintiff leave to file an amended complaint within thirty (30) days.

## BACKGROUND

    Plaintiff alleges that her "Cap One" account was closed "on or about August–September 2023," although she sent in "tender . . . for payment according to HJR 192" and also sent "a notarized copy—certified mail." Compl. at 5. Plaintiff also alleges that her account with Credit One was closed "on or about October 2023" although she sent "tender as render for payment." Compl. at 5. Plaintiff seeks the return of "securities, interest, dividends and tender owed to" her as the owner of the account. Compl. at 6.

1

Plaintiff references "Consumer Law HJR 192," the "Federal Reserve Act 16," and the "Bill of Exchange" as bases for this Court's jurisdiction. Compl. at 4. Plaintiff also alleges that the amount in controversy in this action exceeds $75,000 because "Capital One has securitized my collateral and monetized off of it without my knowledge or consent." Compl. at 5.

## DISCUSSION

A plaintiff's complaint must include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Rule 8 requires a "short and plain" factual statement so that each defendant has a "fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (internal quotation marks and citation omitted). However, non-attorney *pro se* litigants are not expected to meet the standards for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If it is possible that "a valid claim might be stated," the Court should give the *pro se* plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Because federal courts are limited in the subject matter of cases they can hear, Rule 8 also requires plaintiffs to assert the basis for the Court's jurisdiction. There are two types of federal subject-matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant

2

resides in the same state as the plaintiff, *see* 28 U.S.C. § 1332. If the Court "determines it lacks subject matter jurisdiction," it must "'dismiss the complaint in its entirety.'" *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) and citing U.S. Const. art. III, § 2).

Here, plaintiff's allegations that defendants closed her accounts do not, without more, implicate federal law. Plaintiff does not provide any explanation as to why she believes the account closures violate "Consumer Law HJR 192," the "Federal Reserve Act 16," or the "Bill of Exchange," which she references as bases for this Court's jurisdiction. *See* Compl. at 4. Nor do these conclusory references provide bases for the Court's jurisdiction.[1] In addition, although plaintiff alleges that the amount in controversy exceeds $75,000, plaintiff lists addresses in New York for herself and defendant Kirsch such that complete diversity of citizenship is not satisfied. *See* Compl. at 2.

Because plaintiff's complaint fails to provide "a short and plain statement of the grounds for the court's jurisdiction," the Court must dismiss the complaint for lack of subject matter jurisdiction and failure to comply with Rule 8. *See* Fed. R. Civ. P. 8(a).

---

[1] Plaintiff's complaint includes language linked to theories expounded by so-called sovereign citizens. "The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013) (summary order); *see also Tyson v. Clifford*, No. 18-CV-1600, 2018 WL 6727538, at *3 (D. Conn. Dec. 21, 2018) ("Adherents of such claims or defenses believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings . . . . Federal courts across the country, however, have routinely refused to credit arguments based on a redemption, sovereign citizen, or other similar theory because the arguments are often frivolous, irrational, and unintelligible." (citations and internal quotation marks omitted)) (collecting cases).

## CONCLUSION

For the reasons set forth above, the Court dismisses plaintiff's complaint without prejudice. Fed. R. Civ. P. 12(h)(3). The Court finds that any appeal would not be taken in good faith and therefore IFP status is denied for purpose of an appeal. 28 U.S.C. § 1915(a)(3); *see Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court grants plaintiff leave to file an amended complaint within thirty (30) days of this Order. Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse. If plaintiff chooses to file an amended complaint, the submission should be labeled "Amended Complaint" and include the full docket number. Plaintiff should explain how her claims arise out of specific federal laws, and how defendants have caused her injury based on the requirements of federal law.

If plaintiff does not file an amended complaint within thirty (30) days or fails to request an extension of time to do so, the Clerk of Court shall be directed to enter judgment and close the case. The Clerk of Court is respectfully directed to mail a copy of this Order to plaintiff and to note the mailing on the docket.

**SO ORDERED.**

    /s/ Natasha C. Merle
NATASHA C. MERLE
United States District Judge

Dated:    April 29, 2024
              Brooklyn, New York

4